**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
CARLENE THOMPSON,

                        Plaintiff,

       -against-

EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.
and TRANS UNION, LLC,

                      Defendants.
-------------------------------------------------------------X

              **REPORT AND**
              **<u>RECOMMENDATION</u>**

           20-CV-6101 (RPK) (ST)

**STEVEN TISCIONE, Magistrate Judge:**

       Plaintiff Carlene Thompson commenced this suit *pro se* against Defendants Equifax

Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and

Trans Union, LLC ("Trans Union") (collectively "Defendants") alleging claims under the Fair

Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*., and common law defamation. *See*

*generally* Pl. Compl., ECF No. 1.

       Defendants have jointly moved for a judgment on the pleadings pursuant to Federal Rule

of Civil Procedure 12(c), which Plaintiff opposes. *See* Def. Br., ECF No. 22-1; Pl. Opp. Br.,

ECF No. 23; Def. Repl. Br., ECF No. 26. On June 2, 2021, the Honorable Rachel P. Kovner

referred the motion to this Court for a Report and Recommendation. *See* Order, 20-cv-6101

(E.D.N.Y. July 2, 2021).

       For the reasons set forth below, this Court respectfully recommends that Defendants'

joint motion for a judgment on the pleadings be GRANTED, and Plaintiff's complaint be

dismissed without prejudice.

<b>BACKGROUND</b>

**I.**     **Factual Background**

1

The following facts are taken from the Complaint and declarations submitted in support of the instant motion,[1] and are assumed to be true for purposes of the motion. *See*, *e.g.*, *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015) (motion to dismiss); *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010) (motion for judgment on the pleadings). Because Plaintiff is proceeding *pro se*, the Court also considers and incorporates factual allegations made for the first time in her response opposing the motions. *See, e.g.*, *Saudager v. Walgreens Co.*, No. 18-CV-437, 2019 WL 498349, at *1 n.1 (S.D.N.Y. Feb. 8, 2019) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion.") (quoting *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013)).

Plaintiff is a "consumer" and Defendants Equifax, Experian and Trans Union are "consumer reporting agencies" ("CRAs") as defined under the FCRA. Pl. Compl. ¶¶ 6, 7-9, ECF No. 1. On October 25, 2013, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Eastern District of New York. *See* Bankruptcy Petition, Ex. A. attached to the Stieber Decl., ECF No. 22-2. In December 2020, Plaintiff "obtained her 'credit files' from Defendants" which showed that she "had public records in the United States Bankruptcy Court, Eastern District of New York." *Id*. These "credit files" indicated that the source of "this public record information was The United States Bankruptcy Court, Eastern District of New York." *Id*.

---

[1] In support of Defendants' joint motion, Equifax and Experian submitted attorney declarations attaching the consumer file that each respectively provided to Plaintiff and Plaintiff's Chapter 7 bankruptcy petition. *See* Bankruptcy Petition, Ex. A attached to the Declaration of Courtney S. Stieber, Esq. ("Stieber Decl."), ECF No. 22-2; Equifax Consumer File, Ex. B attached to the Stieber Decl., ECF No. 22-2; Experian Consumer File, Ex. A attached to the Declaration of Cealagh P. Fitzpatrick, Esq. ("Fitzpatrick Decl."), ECF No. 22-3. These exhibits are properly considered in the context of a Rule 12(c) motion as they are either public records or integral to and incorporated by reference to the Complaint. *See Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 305 (2d Cir. 2021) ("[C]ourts may on a Rule 12(c) motion—just as on a Rule 12(b)(6) motion—consider extrinsic material that the complaint 'incorporate[s] by reference,' that is "integral" to the complaint.") (citation omitted)). But they are not provided the same assumption of truth as Plaintiff's allegations are at the motion to dismiss stage.

¶ 34.  According to Plaintiff, Defendants did not obtain her bankruptcy information directly from the District Court.  *Id*. at ¶ 36.  Rather, Defendants obtained the information from a third-party vendor, LexisNexis.  *Id*. at ¶ 37.  Plaintiff alleges that "the information about this supposed bankruptcy was misleading and falsely represented," *id*. at ¶¶ 23, 38, and that "this error originated with Defendant's [*sic*] public records vendors, and not with 'The United States Bankruptcy Court Eastern District of New York.'"  *Id*. at ¶ 39.

Thereafter, Plaintiff sent a letter to Defendants requesting a description of the result of their investigation concerning her credit report.  *Id*. at ¶ 40.  In response, Defendants provided Plaintiff a reinvestigation response in addition to turning over her consumer file.  *See id*. at ¶ 41. Plaintiff alleges that neither her "credit files" nor "personal credit reports" disclose that LexisNexis is the actual source of the information regarding her bankruptcy.  *Id*. at ¶¶ 41, 46-47, 67, 71.  According to Plaintiff, Defendants misdirected her "to courthouses and other government offices with which Defendants [have] no dealings with."  *Id*. at ¶ 47.

Based on these allegations, Plaintiff claims that Defendants negligently and willfully: (1) failed to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, pursuant to 15 U.S.C. § 1681e(b); (2) failed to comply with the reinvestigation requirements of 15 U.S.C. § 1681i(A); and (3) failed to disclose information, pursuant 15 U.S.C. § 1681g(A)(2).  *Id*. at ¶¶ 60-144.  As a result, Plaintiff alleges she suffered "emotional distress and financial loss," *id*. at ¶ 58, including, but not limited to, "credit damage, higher interest rates, damage to reputation, informational injury, embarrassment, humiliation and other emotional and mental distress," *id*. at ¶ 87.  *See also id*. at ¶ 59 ("As a result of the acts and conducts allege[d] above, Plaintiff has endured fear, humiliation, embarrassment, mental pain, suffering, inconvenience, and financial injury, including lost business profits."); Pl. Opp. Br., 20

("As a result, [Plaintiff] was denied credit, including a mortgage refinance, was assessed higher interest rates on the credit [s]he did obtain, and encountered difficulty purchasing insurance and obtaining employment.").

Plaintiff also alleges that Defendants "published statements through writing using Plaintiff's personal information to falsely reflect that Plaintiff was responsible for a federal tax lien, various accounts, and deleting the accounts [s]he was responsible for which proves [P]laintiff has some good credit." Pl. Compl. ¶ 147, ECF No. 1. Defendants published statements are allegedly false because they do not accurately reflect "Plaintiff's accounts, … credit information, and debt repayment history" and "Defendants knew the statements were false when made and had no factual basis for making the statements." *Id.* at ¶¶ 148-149. Plaintiff claims through this conduct, Defendants defamed her. *Id*. at ¶¶ 145-153.

## II.   Procedural History

Plaintiff commenced the instant action on December 14, 2020, asserting eight claims under the FCRA and one common law claim for defamation against Defendants. *See generally id.* Defendants filed Answers to the Complaint on February 23 and 24 and March 5, 2021, respectively. *See* Trans Union Answer, ECF No. 9; Equifax Answer, ECF No. 10; Experian Answer, ECF. No. 10. Discovery is ongoing. *See* ECF No. 32.

On June 1, 2021, Defendants jointly moved for a judgment on the pleadings pursuant to Rule 12(c). *See generally* Def. Br., ECF No. 22-1. Defendants argue that Plaintiff fails to state a claim for violations of the FCRA because (1) she has not sufficiently alleged an injury-in-fact or causation to confer Article III standing and (2) Defendants accurately reported the existence of Plaintiff's bankruptcy and the source of this information. *Id*. Defendants further argue that Plaintiff's defamation claim should be dismissed because it is preempted by the

4

FCRA.  *Id*.  In support of their joint motion, Defendants submit, among other things, the Declarations of Courtney S. Stieber, Esq. and Cealagh P. Fitzpatrick, Esq., which attach Plaintiff's bankruptcy petition filed with the Eastern District of New York and the consumer file Experian and Equifax provided to Plaintiff.  *See generally* Stieber Decl., ECF No. 22-2; Fitzpatrick Decl., ECF No. 22-3.

Plaintiff filed opposition to Defendants' motion on June 28, 2021.  *See generally* Pl. Opp. Br., ECF No. 23.  The opposition largely reiterates the allegations pleaded in the Complaint and includes caselaw almost entirely outside the Second Circuit to argue (1) that although the challenged credit information may technically be accurate it is nonetheless misleading, (2) Article III standing exists based on alleged procedural violations of the FCRA and damage to her credit score, and (3) her defamation claim is not preempted by the FCRA where she has alleged malice and willfulness.  *Id*.  On July 9, 2021, Defendants filed a reply in support of their motion arguing, among other things, that Plaintiff still fails to sufficiently identify any inaccuracy or misleading information regarding her reported bankruptcy and any alleged damage to Plaintiff's credit score is insufficient to establish an injury-in-fact or causation.  *See generally* Def. Repl. Br., ECF No. 26.

On June 2, 2021, the Honorable Rachel P. Kovner referred the motion to this Court for a Report and Recommendation.  *See* Order, 20-CV-6101 (E.D.N.Y. July 2, 2021).

## LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A court applies the same standard to a motion for judgment on the pleadings as that used for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *See Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018).  In

evaluating the sufficiency of a complaint, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, *id.*, but gives "no effect to legal conclusions couched as factual allegations," *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017) (citation omitted). A pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct..." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[ ]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678; *accord Panjiva, Inc. v. United States Customs & Border Prot.*, 342 F. Supp. 3d 481, 485 (S.D.N.Y. 2018). A Rule 12(c) motion should be granted "if, from the pleadings, the moving party is entitled to judgment as a matter of law." *Dargahi v. Honda Lease Trust*, 370 F. App'x 172, 174 (2d Cir. 2010) (internal quotation marks and citation omitted); *accord Nathaniel v. City of N.Y.*, No. 16-CV-256, 2017 WL 3912986, at *1 (E.D.N.Y. Sept. 6, 2017) (citations omitted).

"A document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal quotations and citation omitted). Courts within this Circuit grant *pro se* litigants a "'special solicitude' by interpreting a complaint filed *pro se* 'to raise the strongest claims that it suggests.'" *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). However, the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of

a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (quoting *2 Moore's Federal Practice* § 12.31[1][b] (2005), at 12–61 (internal quotation marks omitted)). The court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Babin v. Dep't of the Treasury*, No. 20-CV-2702, 2021 WL 5860595, at *9 (E.D.N.Y. Dec. 9, 2021) (citation omitted). Therefore, a court should "not hesitate to dismiss a *pro se* complaint if it fails altogether to satisfy the pleading standard." *Henry v. Davis*, No. 10-CV-7575, 2011 WL 3295986, at *2 n.5 (S.D.N.Y. Aug. 1, 2011), *adopted by* 2011 WL 5006831 (Oct. 20, 2011).

## DISCUSSION

Because the few factual allegations pleaded in the Complaint are vague and, at times, convoluted, the Court cannot determine with certainty the specific inaccuracies alleged to have been made by Defendants. Liberally construed, it appears, though it is unclear, that Plaintiff alleges that Defendants erroneously reported the existence of her bankruptcy petition, information related to Plaintiff's financial history including her bankruptcy petition, and the source of that information in her consumer file. Therefore, to the extent any of these three alleged inaccuracies are relevant, the Court will consider them.

I.    **Defendants' Motion Should Be Granted as Plaintiff Has Failed to Plead Facts Which Show a Federal Court Has Subject Matter Jurisdiction Under Article III of the United States Constitution**

    a.    **Allegations Relating to Inaccurate Reporting of the Information Source**

As a threshold issue, the Court first addresses Defendants' jurisdictional challenge, namely, that Plaintiff has failed to allege facts showing she has Article III standing. Standing is a federal jurisdictional question determining the power of the court to entertain the suit." *Carver v. City of New York*, 621 F.3d 221, 225 (2d Cir. 2010) (internal quotation marks and citation

7

omitted).  "Article III of the Constitution limits judicial power of the United States to the resolution of cases and controversies.  This limitation is effectuated through the requirement of standing."  *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 489 (2d Cir. 2009) (citations omitted). Article III standing requires plaintiffs to show (1) an "injury in fact," (2) a "causal connection" between that injury and the conduct at issue, and (3) a likelihood "that the injury will be redressed by a favorable decision."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks omitted); *accord Spokeo, Inc. v. Robins*, 578 U.S. 330, 342 (2016), *as revised* (May 24, 2016) (citing *Lujan*, 504 U.S. at 560).

Contrary to Plaintiff's assertion, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."  *Spokeo*, 578 U.S. at 341.  Rather, to maintain an action under the FCRA, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent'" as a result of a violation.  *Id*. at 1548.  In other words, "not all inaccuracies cause harm or present any material risk of harm."  *Id*. at 1550.

Denial of credit and other similarly adverse consequences are often the basis of FCRA damages, but "emotional damages may also be freestanding ... where an inaccuracy *alone* causes emotional damages."  *Shimon v. Equifax Info. Servs. LLC* ("Shimon II"), 431 F. Supp. 3d 115, 123 (E.D.N.Y. 2020), *aff'd*, 994 F.3d 88 (2d Cir. 2021) (citing *Wenning v. On-Site Manager, Inc.*, No. 14-CV-9693, 2016 WL 3538379, at *19 (S.D.N.Y. June 22, 2016)).  Moreover, a plaintiff cannot "recover for pain and suffering when he has failed to show that any creditor or other person ever learned of the derogatory information from a credit reporting agency."  See *Casella v. Equifax Credit Info. Servs*., 56 F.3d 469, 475 (2d Cir. 1995).

Defendants argue that Plaintiff fails to allege either an injury-in-fact or causal connection to confer Article III standing. Specifically, relying on *Shimon v. Equifax Info. Servs. LLC* ("Shimon"), 994 F.3d 88, 93 (2d Cir. 2021) and *Artemov v. TransUnion, LLC*, No. 20-CV-1892, 2020 WL 5211068, at *7 (E.D.N.Y. Sept. 1, 2020), Defendants argue that, even assuming Defendants inaccurately disclosed the source of a Plaintiff's credit information, she cannot plausibly allege that this conduct caused her any injury because the credit information reported was itself accurate.

In *Shimon* the Second Circuit upheld the District Court's dismissal on summary judgment of Plaintiff's claim for a negligent violation of Section 1681(g)(a) arising from the CRA Defendant's inaccurate representation that it obtained information about a civil judgment against Plaintiff directly from the state court, when, in reality, it obtained the information from a third party vendor, LexisNexis. *Shimon*, 994 F.3d at 92-93. In doing so, the Second Circuit provided:

> We agree that [Plaintiff] has failed to present any evidentiary basis for concluding that he suffered actual damages as a result of Equifax not disclosing or treating LexisNexis as a "source" or "furnisher" of information to it about the Judgment. Since the characterization provided by Equifax in its credit report was accurate, for [Plaintiff] to have learned that LexisNexis was the intermediary source of Equifax's information from the court would not have enabled [Plaintiff] to avoid the emotional damage he claims to have suffered as a result of Equifax's report that the debt was "satisfied." Nor would he have avoided any of the costs he claims to have incurred in disputing the credit report. [Plaintiff] points to no damages to him arising from Equifax's failure to treat LexisNexis as a "source" or "furnisher" of the information and notify it of [Plaintiff's] dispute.

*Id*. at 93.

However, different reasoning was applied by the District Court in its dismissal of Plaintiff's Section 1681(g)(a) willfulness claim on the CRA Defendant's motion to dismiss, which the Second Circuit affirmed. *Id*. That claim was dismissed on the grounds that Defendants' interpretation of the word "sources" in Section 1681g(a) to include the point of

origin excluding a contractor working on the reporting agency's behalf was objectively reasonable. *See Shimon v. Equifax Info. Servs. LLC* ("Shimon III"), No. 18-CV-2959, 2018 WL 4906245, at *4 (E.D.N.Y. Oct. 9, 2018), *aff'd*, 994 F.3d 88 (2d Cir. 2021).

In relying on *Shimon*, Defendants appear to conflate the Second Circuit's reasoning for upholding the dismissal of Plaintiff's Section 1681(g)(a) negligence claim and Section 1681(g)(a) willfulness claim and ignore the procedural posture in which the issues were before the District Court.

First, with respect to the negligence claim, the emphasis of the Second Circuit's ruling was on the evidentiary proofs regarding the Plaintiff's damages submitted to the District Court on summary judgment. Yet, here, we are at the pleading stage where general factual allegations of injury are sufficient to plead standing. *See Haynes v. TransUnion, LLC*, No. 19-CV-7157, 2021 WL 2179346, at *5 (E.D.N.Y. Feb. 4, 2021), *report and recommendation adopted*, 2021 WL 3185581 (E.D.N.Y. July 28, 2021) (citing, among others, *Bischoff v. Osceola County*, 222 F.3d 874, 878 (11th Cir. 2000) ("when standing becomes an issue on a motion to dismiss, general factual allegations of injury resulting from the defendant's conduct may be sufficient to show standing. However, when standing is raised at the summary judgment stage, the plaintiff can no longer rest on 'mere allegations.'")); *see also Kola v. Forster & Garbus LLP*, No. 19-CV-10496, 2021 WL 4135153, at *3 (S.D.N.Y. Sept. 10, 2021) ("While '[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice' to establish standing, on a motion for summary judgment 'the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts' that demonstrate standing.") (citing *Lujan*, 504 U.S. at 561). "It is well established in principle that the pleading

standard for constitutional standing is lower than the standard for a substantive cause of action." *Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 110 (2d Cir. 2018).

Additionally, Defendants do not seek to dismiss Plaintiff's Section 1681g(a)(2) willfulness claim on statutory interpretation grounds. Consequently, Defendant's reliance on *Shimon* to dismiss Plaintiff's claims for willful and negligent violations of Section 1681(g)(a)(2) is seemingly misplaced.

Instead, *Artemov* appears more analogous to the situation at hand. In *Artemov*, Plaintiff asserted, among other things, that the CRA Defendants issued credit reports reflecting a past due balance for an account Plaintiff held with a banking institution that was lower than the true overall balance. *Artemov*, 2020 WL 5211068, at *1. According to Plaintiff, this inaccuracy caused his credit score to decrease, resulting in a denial of credit. *Id*. The District Court in *Artemov* dismissed the FCRA claim arising from this allegation holding that, even accepting the factual allegations as true, Plaintiff has not shown on the face of the complaint that the CRA defendants conduct caused him an injury in fact. *Id*. at *6-7.

The District Court reasoned that the Plaintiff's theory of liability would have required the CRA Defendants to have disclosed a past due balance that was actually higher, resulting in a credit report which would have listed more bad debt and either the same or lower credit score. *Id*. As such, the alleged inaccuracy "could not have made a difference: in either case, the denial of credit was going to happen and any conclusion to the contrary is just, that, a conclusion, and one that makes no sense." *Id*. at *7. Thus, the District Court concluded that Plaintiff's alleged emotional distress and denial of credit as a result of the CRA defendants' conduct could not confer Article III standing because they were conclusory and implausible. *Id*.

Here, assuming the credit information reported was itself accurate, Plaintiff's allegations that Defendants' alleged failure to disclose the accurate source of her bankruptcy information in her credit file caused her to suffer "credit damage," "denial of credit" and "emotional distress" is conclusory and equally implausible. Plaintiff's credit information would have been the same irrespective of the source of the information provided in her credit file, and, thus, any credit damage and denial, as well as resulting emotional distress, could not have been avoided regardless of the source of her credit information.

### b.    Allegations That the Information Reported Was Inaccurate

However, Plaintiff also does allege that her credit information was actually inaccurate or misleading. *See* Pl. Compl. ¶ 50, ECF No. 1 ("The inaccurate reporting of the bankruptcy occurred because Defendants failed to follow reasonable procedures…"); *id.* at ¶ 122 ("Defendants violated 15 U.S.C. §1681i(a)(5) by its conduct which includes, but is not limited to, failing to delete any information that…was inaccurate or could not be verified"); *id.* at ¶ 146 ("Defendants published statements through writing using Plaintiff's personal information to falsely reflect that Plaintiff was responsible for a federal tax lien, various accounts, and deleting the accounts [s]he was responsible for which proves Plaintiff has some good credit"); *id.* at ¶ 148 ("These [credit reports] are false in that they inaccurately reflect Plaintiff's accounts and credit information and debt repayment history and paint Plaintiff as a financially irresponsible and delinquent person.")

While at the pleading stage a plaintiff may make general factual allegations to show injury, she still must plead facts that "plausibly allege" Article III standing. *John v. Whole Foods Market Group, Inc.*, 858 F.3d 732, 735-36 (2d Cir. 2017); *see also Molinari v. Equifax Inc.,* 2022 U.S. Dist. LEXIS 19382 at *10 (E.D.N.Y. Feb. 1, 2022) ("Based on these facts, [Plaintiff's]

alleged economic injury-in-fact is not plausible and not sufficient to establish he has standing to assert his claim."). A claim of injury or traceability that is "conclusory or threadbare" is insufficient for Article III standing. *Schwartz v. HSBC Bank USA, N.A.,* 2017 U.S. Dist. LEXIS 94019 at *10 (S.D.N.Y. 2017).

Here, Plaintiff has alleged general injuries, but has not plausibly alleged that those injuries are fairly traceable to the actions of Defendants, an element of Article III standing. Plaintiff has not alleged with any specificity what the supposed inaccuracies are that were reported, how the reported information was misleading, or how the alleged inaccuracies led to the "emotional distress and financial loss" and the "fear, humiliation, embarrassment, mental pain, suffering, inconvenience, and financial injury" that Plaintiff alleges.

It is undisputed that Plaintiff did file a bankruptcy petition on October 25, 2013, in the Eastern District of New York. *See* Bankruptcy Petition, Ex. A. attached to the Stieber Decl., ECF No. 22-2. Despite vague and conclusory references to "misleading," "false," or "inaccurate" information, Plaintiff fails to plead any specific facts to support the claim that the existence of her bankruptcy or any specific information regarding her bankruptcy was inaccurate or misleading. She also does not allege any specific inaccuracies regarding her reported "tax liens" and "various accounts." *See* Pl. Compl. ¶ 146, ECF No. 2. Without plausibly pleading inaccuracies, Plaintiff cannot plausibly plead an injury resulted from those inaccuracies. And even if Plaintiff did plead specific inaccuracies, she would still need to plead facts to plausibly show how those inaccuracies caused the injuries she alleges, none of which appear in this complaint. Her only allegations regarding a causal link are conclusory: "As a result of this conflict, the Plaintiff has suffered actual damages" and "As a result of the acts and conduct [alleged] Plaintiff has endured [injuries]." Pl. Compl., ¶¶ 123, 59, ECF No. 1.

Accordingly, because Plaintiff's allegations are insufficient to show Article III standing, the Court respectfully recommends that Defendants' motion for a judgment on the pleadings on the grounds that Plaintiff lacks Article III standing to pursue her claims be GRANTED.

In opposition to the instant motion, Plaintiff requests leave to amend her complaint. *See* Pl. Opp. Br., 21-24, ECF No. 23. Where a complaint is dismissed for lack of Article III standing, that dismissal must be without prejudice. *Carter v. HealthPort Techs, LLC,* 822 F.3d 47, 54 (2d Cir. 2016). Therefore, this Court recommends Plaintiff's complaint be dismissed without prejudice, giving Plaintiff the opportunity to amend and re-submit her complaint should she be able to plead facts showing Article III standing.

Because Plaintiff will be able to amend and re-submit her complaint and because the parties have already briefed the issue, I believe it prudent and economical for the purposes of this Report & Recommendation to also note that, even if Plaintiff were able to clear the Article III bar to jurisdiction, some of Plaintiff's underlying claims as pled in her current complaint would fail a 12(c) plausibility analysis. I provide my reasoning for that assessment below.

## II.    Potential 12(c) Plausibility Analysis

### a.    Source Disclosure Claim under 15 U.S.C. § 1681g(a)(2)

Section 1681g(a) requires CRAs to disclose to consumers all information in the consumer's file and the sources of that information. *See* 15 U.S.C. § 1681g(a). Relevant to this section, Plaintiff alleges that the consumer files provided by Defendants failed to disclose the actual source from which they obtained Plaintiff's bankruptcy information in violation of Section 1681g(a)(2). Pl. Compl. ¶¶ 70-73, ECF No. 1. As alleged by Plaintiff, in response to her consumer file request, Defendants inaccurately represented that it obtained Plaintiff's bankruptcy information from the district court, rather than LexisNexis. *Id*.

14

Defendants argue that Plaintiff's consumer files directly contradict her allegation because the files accurately disclosed that Defendants obtained Plaintiff's bankruptcy information from LexisNexis.  Def. Br., 12-13, ECF No. 22-1.  In support of their argument, Equifax and Experian submit the consumer file that each respectively provided to Plaintiff.  Equifax's consumer file represents that the public records information "includes public record items Equifax obtained from local, state and federal courts through a third party vendor, LexisNexis," and provides the contact information for LexisNexis.  Equifax Consumer File, Ex. B attached to the Stieber Decl., ECF No. 22-2.  Experian's consumer file represents that the public records information "include public records items from court that Experian may have obtained through a third party vendor, LexisNexis," and likewise provides the contact information for LexisNexis.  Experian Consumer File, Ex. A attached to the Fitzpatrick Decl., ECF No. 22-3.  Therefore, even making all necessary inferences in Plaintiff's favor, based on the contents of these files, Plaintiff fails to state a claim for relief under Section 1681g(a)(2) against Equifax and Experian for failing to disclose they obtained Plaintiff's bankruptcy information from LexisNexis in her consumer file.

Accordingly, because the consumer files directly contradict Plaintiff's allegation that Equifax and Experian failed to disclose LexisNexis as the source of her bankruptcy information, should the Court reach a 12(c) plausibility analysis for Plaintiff's Section § 1681g(a)(2) claim (Count I), I would recommend dismissal of the claim against Equifax and Experian.

> **b.    Accuracy of Credit Report and Reinvestigation Claims under 15 U.S.C. §§ 1681e(b) and 1681i(A)**

Section 1681e(b) imposes a duty on CRAs to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).  To state a claim under Section 1681e(b), a plaintiff must allege that: "(1) the consumer reporting agency was negligent or willful in that it failed to follow

reasonable procedures to assure the accuracy of its credit report; (2) the consumer reporting agency reported inaccurate information about the plaintiff; (3) the plaintiff was injured; and (4) the consumer reporting agency's negligence proximately caused the plaintiff's injury." *Wimberly v. Experian Info. Sols.*, No. 18-CV-6058, 2021 WL 326972, at *5 (S.D.N.Y. Feb. 1, 2021) (quoting *Khan v. Equifax Info. Servs., LLC*, No. 18-CV-6367, 2019 WL 2492762, at *2 (E.D.N.Y. June 14, 2019)).

When the accuracy of a report is in dispute, Section 1681i outlines specific procedures that CRAs must follow to ensure the proper reinvestigation of disputed information. Section 1681i requires that if a consumer notifies a CRA of a dispute as to the accuracy of any item of information contained in his file, within 30 days of notification, the CRA "shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A); *Jones v. Experian Info. Solutions, Inc.*, 982 F. Supp. 2d 268, 272 (S.D.N.Y. 2013). To state a claim under Section 1681i, the plaintiff must also plausibly allege that "the disputed information is inaccurate." *Khan*, 2019 WL 2492762, at *3.

The threshold question under both Sections 1681e(b) and 1681i "is whether the challenged credit information is accurate; if the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary." *Id.* (collecting cases). A credit report is inaccurate "either when it is patently incorrect *or* when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Wimberly*, 2021 WL 326972, at *5 (quoting *Wenning,* 2016 WL 3538379, at *9). "Information provided by a consumer reporting agency is misleading where it is 'open to an interpretation that is directly contradictory to the true information.'" *Id.* (quoting *Wagner v. TRW, Inc.*, 139 F.3d 898, 1998 WL 127812, at *1 (5th Cir. 1998)).

16

Relevant to Sections 1681e(b) and 1681i, Plaintiff alleges that Defendants inaccurately or misleadingly reported the existence of her bankruptcy, information regarding her bankruptcy, and/or the source of that information. *See* Pl. Compl. ¶ 38, ECF No. 1 ("The information about this supposed bankruptcy was misleading and falsely represented."); *Id*. at ¶¶ 81-82 (Consumer reports prepared by Defendants "contained information about Plaintiff that was false, misleading, and inaccurate."); *Id*. at ¶ 85 (Plaintiff "received letters and copies of [her] consumer file in which none of these letters or consumer files contains the actual source of the public records information that it reported about the Plaintiff."). Defendants argue that Plaintiff cannot sustain a claim for relief under Sections 1681e(b) and 1681i because the credit information regarding her bankruptcy was accurately reported. *See* Def. Br., 9-10, ECF No. 22-1; Def. Repl. Br., 7-8, ECF No. 26.

Here, Plaintiff fails to state a claim for relief under Sections 1681e(b) and 1681i based on the alleged reporting of her bankruptcy because, as detailed above in my Article III analysis, she has not alleged with any specificity the alleged inaccuracies reported or how the reported information was misleading. *See Khan*, 2019 WL 2492762, at *4 (dismissing claims under Sections 1681e(b) and 1681i "because [plaintiff] has not alleged facts showing that the information that Defendant reported about him is inaccurate"); *Wimberly*, 2021 WL 326972, at *5 (dismissing claims under Sections 1681e(b) and 1681i(a) because the complaint "pleads no specific *facts* to support … proposed claims that the information Defendant reported was inaccurate"); *Ogbon v. Beneficial Credit Servs., Inc.*, No. 10-CV-3760, 2011 WL 347222, at *3 (S.D.N.Y. Feb. 1, 2011) (dismissing claims under Sections 1681e(b) and 1681i because the complaint, among other things, "does not identify the inaccurate information reported by each [consumer reporting agency] Defendant, or when the information was reported or to whom").

Similarly, Plaintiff fails to state a claim for relief under Sections 1681e(b) and 1681i based on the allegation that Defendants failed to disclose LexisNexis as the source of her reported bankruptcy in her consumer files.  Plaintiff appears to conflate the source of her credit information with the credit information itself.  *See Perez v. Experian*, No. 20-CV-9119, 2021 WL 4784280, at *9 (S.D.N.Y. Oct. 14, 2021), *report and recommendation adopted*, No. 20-CV-9119, 2021 WL 5088036 (S.D.N.Y. Nov. 2, 2021) ("[I]naccuracies are only actionable if they affect an assessment of a consumer's credit, insurance, or employment and fit within the definition of a 'consumer report' under the FCRA.") (citing 15 U.S.C. § 1681a(d)(1) and *Williams-Steele v. Trans Union*, No. 12-CV-0310, 2014 WL 1407670, at *4 (S.D.N.Y. Apr. 11, 2014), *adopted by* 2015 WL 576707 (Feb. 10, 2015), *aff'd sub nom. Williams-Steele v. TransUnion*, 642 F. App'x 72 (2d Cir. 2016) ("[N]o restriction is put on the use of information that is not a 'consumer report' ... Address information on a consumer, for example, is not a consumer report because it is not information that bears on any of the characteristics described in 15 U.S.C. § 1681a(d)(1).")).

To state a claim for relief under Sections 1681e(b) and 1681i, a plaintiff must sufficiently allege that their consumer report contains inaccurate *credit information*.  *See Artemov*, 2020 WL 5211068, at *2 ("In considering a challenge under § 1681e(b) or § 1681i, the 'threshold question' is whether the *disputed credit information* is accurate...") (citations omitted).  As is relates to the consumer file, the failure to disclose the source of the disputed credit information more appropriately forms the basis of a claim under Section 1681g(a)(2).  Therefore, even making all necessary inferences in Plaintiff's favor as required at this stage, Plaintiff fails to state a claim upon which relief can be granted under Sections 1681e(b) and 1681i for Defendants'

alleged failure to disclose LexisNexis as the source of her bankruptcy information in her consumer file.

Accordingly, this Court would find, on Plaintiff's current complaint, that she fails to plausibly plead a claim under Sections 1681e(b) (Count II) and 1681i (Counts III-VIII).

### c.    Defamation Claim

Defendants also argue that Plaintiff's defamation claim should be dismissed because it is preempted by the FCRA. *See* Def. Br., 13, ECF No. 22-1. Two sections of the FCRA are relevant to this argument. Section 1681h(e) provides that "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, …. except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Section 1681t(b)(1)(F) preempts any state law claim "with respect to any subject matter regulated under ... section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b). Although the latter, which was enacted after Section 1681h(e), accomplishes a more sweeping preemption, its application is limited to furnishers of information to CRAs concerning subject matter regulated under Section 1681s-2. *See Macpherson v. JPMorgan Chase Bank*, N.A., 665 F.3d 45, 48 (2d Cir. 2011); *Mund v. Transunion*, No. 18-CV-6761, 2019 WL 955033, at *4 (E.D.N.Y. Feb. 27, 2019). Because Defendants are CRAs, Section 1681h(e) instead applies.

Section 1681h(e) preempts defamation claims against CRAs unless the alleged false information is furnished with malice or willful intent to injure the plaintiff. *See Frydman v. Experian Info. Sols., Inc*., No. 14-CV-9013, 2016 WL 11483839, at *17 (S.D.N.Y. Aug. 11,

2016), *report and recommendation adopted*, 2016 WL 5661596 (S.D.N.Y. Sept. 30, 2016) ("[Section 1681h(e)] essentially affords … qualified immunity against the types of state law claims asserted by [plaintiff] unless he can establish that [defendants] acted 'with malice or willful intent to injure' him") (citations omitted); *Ogbon*, 2013 WL 1430467, at *10 ("Thus, defendants have qualified immunity against defamation actions, which can only be overcome where plaintiff shows that defendants acted with malice or willful intent.") (collecting cases).

Defendants argue that Plaintiff cannot adequately plead maliciousness or willfulness because the information regarding her bankruptcy was accurately reported. *See* Def. Repl. Br., 11, ECF No. 26. However, based on the Complaint, Plaintiff's defamation claim does not appear to arise from the same conduct that gives rise to her FCRA claims. Indeed, Plaintiff's defamation claim alleges for the first time anywhere in the Complaint that Defendants falsely published that she "was responsible for a federal tax lien, various accounts, and deleting accounts [s]he was responsible for which proves plaintiff has some good credit." Pl. Compl. ¶ 146, ECF No. 1. Plaintiff alleges that Defendants knew these statements were false and had no factual basis for making them because she repeatedly notified Defendants that the information was inaccurate. *Id*. at ¶¶ 149-150. Moreover, according to Plaintiff, "Defendants [] acted with malice by failing to communicate the information provided to them by Plaintiff to [those] whom it provides credit information concerning the Plaintiff." *Id*. at ¶ 152. Defendants have not submitted exhibits showing her liens and accounts were accurately reported, and Plaintiff has pled the alleged inaccurate reports were willful or malicious.

Therefore, the Court would find at this point that the Plaintiff's defamation claim would survive under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Defendants' motion for a judgment on the pleadings be GRANTED as to Plaintiff's complaint and that it be dismissed without prejudice.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

_____/s/_____
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
        February 24, 2022